UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL SIMS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CAUSE NO. 3:11cv147 JD |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Defendant. ) | |

OPINION AND ORDER

Michael Sims, a prisoner confined at the Wabash Valley Correctional Facility, filed a motion for declaratory judgment against the State of Indiana pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. Mr. Sims asserts that "Declaratory Judgment is appropriate to clear up an actual controversy concerning Petitioner['s] sentencing and convictions . . ." [DE 1 at 1]. He specifically alleges that "the Elkhart Superior Court imposed an erroneous sentence . . . and refuse[s] to correct it." *Id.* This matter is before the Court pursuant to its statutory screening obligation. *See* 28 U.S.C. § 1915A.

Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint against governmental entities or officials and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6), which provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). The Supreme Court has articulated the factual allegations that are required to survive dismissal:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations, and footnote omitted). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

The Court must accept as true all well-pleaded facts and draw all permissible inferences in the Plaintiff's favor. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). However, the Court need not accept as true "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft*, 129 S. Ct. at 1949. Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 1950–51. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Id*.

A plaintiff can also plead himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McReady v. Ebay, Inc.,* 453 F.3d 882, 888

(7th Cir. 2006). A plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008). The Court will review the *pro se* Plaintiff's submission more liberally than it would one that was drafted by a trained attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94(2007) (per curiam).

Mr. Sims asserts that the sentence imposed on him by the Elkhart Superior Court violates standards established by the United States Supreme Court in *Blockburger v. United States*, 284 U.S. 299 (1932) and *Sparf v. United States*, 156 U.S. 51 (1895). He asks this Court "to issue a Judicial Determination on whether or not his sentences are erroneous, and according to the Probable Cause Affidavit, and the Charging information was this a single episode?" [DE 1 at 6].

This Court, however, is precluded from entering the declaratory judgment requested by Mr. Sims dealing with his allegedly erroneous sentence because he may only challenge his state conviction and sentence in federal court by means of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. "Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994), citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973).

Mr. Sims "contends that his sentence is erroneous," in violation of federal law, "and should be corrected . . . [because] . . . the trial court used uncharged acts to enhance his sentence, and run them consecutively . . ." [DE 1 at 4]. Mr. Sims's claims clearly implicate the fact or duration of his confinement. In *Chatman-Bey v. Thornburgh*, 864 F.2d 804 (D.C.Cir.1988), a federal prisoner challenged parole guidelines. A panel originally held that "the BOP's calculation of [the Plaintiff's] parole eligibility date did not attack the 'fact or duration' of confinement, and so could be brought as a request for declaratory relief pursuant to 28 U.S.C. § 2201." *Id.* at 810 n. 5. Subsequently, however, the court stated "we now hold that a prisoner's challenge to the determination of his

3

eligibility for parole does indeed attack the 'fact or duration' of confinement within the meaning of *Preiser*; therefore, habeas is the sole remedy available to such a prisoner . . ." *Id.*, and his claims could not be brought pursuant to § 2201. In *United States ex rel. Bennett v. Illinois*, 356 F.2d 878 (7th Cir.), *cert denied* 384 U.S. 946 (1996), an Illinois prisoner filed an action pursuant to the Declaratory Judgment Act, seeking to declare the indictment under which he had been convicted null and void. The Court held that:

> The Declaratory Judgment Act cannot be used as a substitute for appeal or habeas corpus, coram nobis or other such procedures. It may not be used as a substitute for a petition to correct a sentence in the court where the sentence was imposed or as a substitute for habeas corpus in the district court where the alleged unlawful detention occurs.

*Id.* at 879, citations omitted.

Because Mr. Sims's claims implicate the fact or duration of his confinement and because he is a state prisoner, he must bring his challenge to the sentence imposed on him by the Elkhart Superior Court as a § 2254 action. This court may not convert a civil rights complaint or other type of civil action into a habeas corpus petition, *Copus v. Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996), but Mr. Sims may file a petition for writ of habeas corpus raising these claims.

For the foregoing reasons, pursuant to 28 U.S.C. § 1915A(b), the court DISMISSES the Plaintiff's motion for declaratory judgment without prejudice to his right to present his claims in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

SO ORDERED.

ENTERED: May 6, 2011

/s/ JON E. DEGUILIO
Judge
United States District Court